STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**EARL BENNETT,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0840**  (BOR Appeal No. 2048103 & 2048218)
                    (Claim No. 2011039109)


**PAR-MAR OIL COMPANY,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Earl Bennett, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Par-Mar Oil Company, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 31, 2013, in which the Board affirmed a January 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's two March 26, 2012, decisions denying Mr. Bennett's request for an evaluation by Dr. Pantelidis,[1] injections, physical therapy, a repeat MRI, and the medications Lyrica, Flexeril, and Ultram. The Board of Review also affirmed a February 25, 2012, Order of the Workers' Compensation Office of Judges. The Office of Judges affirmed the claims administrator's January 23, 2012, decision that denied Mr. Bennett's request to reopen his claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The documents in the record do not provide Dr. Pantelidis's first name or place of employment. It is stated in Mr. Bennett's deposition that he is a pain management physician.

1

Mr. Bennett worked for Par-Mar Oil Company as a cashier. On May 29, 2011, he injured his back when pulling out a freezer that fell on him. The claim was held compensable for lumbosacral sprain and contusion of the back. Mr. Bennett returned to work on July 18, 2011, and continued working until November 15, 2011, and then requested his claim be reopened for temporary total disability benefits from November 15, 2011, until January 11, 2012. The claims administrator denied reopening the claim for temporary total disability benefits because the evidence submitted does not demonstrate that Mr. Bennett's condition is disabling. Donna C. Davis, D.O., found Mr. Bennett had lumbar sprain, contusion of the back, and radiculopathy. Dr. Davis requested an evaluation by Dr. Pantelidis, injections, physical therapy, a repeat MRI, Lyrica, Flexeril, and Ultram. Prasadarao B. Mukkamala, M.D., evaluated Mr. Bennett and found him to have reached his maximum medical improvement. Dr. Mukkamala concluded that Mr. Bennett did not require any maintenance care for his compensable conditions except an in home exercise program. On March 26, 2012, the claims administrator denied the requested medications and medical benefits based on Dr. Mukkamala's independent medical evaluation.

The Office of Judges concluded that the claims administrator correctly denied the medications, the referral to Dr. Pantelidis, pain injections, physical therapy, and a repeat MRI. It noted that the claim has only been held compensable for lumbar sprain and contusion of back. West Virginia Code of State Rules §§ 85-20-4.1 and 85-20-37.5 (2006) state that treatment for a lumbar sprain is not to exceed eight weeks from the date of the injury unless an extraordinary case has been established. The Office of Judges concluded that this treatment would clearly exceed eight weeks from the injury that occurred on May 29, 2011. The Office of Judges stated that for a particular claim to be an "extraordinary" case then the treatment in excess must be medically reasonable, and the Office of Judges concluded that Mr. Bennett has failed by the preponderance of the evidence to establish this is an "extraordinary" case.

The Office of Judges further concluded that Mr. Bennett has not met his burden of proof in establishing that the treatment is medically related and reasonably required for the compensable injury. Dr. Davis, the treating physician, noted in her reports that the allowed diagnosis is lumbar sprain but radiculopathy is the actual diagnosis and has yet to be approved as compensable. The Office of Judges concluded that Dr. Davis's notes in conjunction with estimated duration of care for a lumbar sprain being zero to four weeks and not to exceed eight weeks indicates the current treatment is for lumbar radiculopathy. Futhermore, Dr. Mukkamala also examined Mr. Bennett and opined that he was at maximum medical improvement for the compensable conditions. Therefore, the Office of Judges concluded that the treatment was not in regards to this compensable diagnosis.

On the appeal for temporary total disability benefits, the Office of Judges concluded that Mr. Bennett has not sustained his burden of proof in establishing a prima facie cause of an aggravation or progression of his compensable injury which has led him to be disabled from working on a temporary basis. The Office of Judges noted that Mr. Bennett returned to work on July 18, 2011, after his initial injury and continued working until November 15, 2011. The Office of Judges found that Mr. Bennett received no medical treatment indicating that he had an aggravation or progression of a compensable injury after he stopped working on November 15, 2011, and before he returned to work on January 11, 2012. The Office of Judges further found

that the treatment received during this time period was in relation to a non-compensable condition, radiculopathy, and this was even previously determined by the Office of Judges' January 15, 2013, Order. The Office of Judges concluded that there is no reliable evidence on the record requesting treatment for an aggravation or progression of a compensable condition.

We agree with the findings of the Office of Judges' Orders and the conclusion of the Board of Review. The only conditions compensable are lumbar sprain and contusion of the back. The injury occurred on May 29, 2011, and therefore this treatment for the lumbar sprain would clearly exceed the eight weeks that treatment is allowed under West Virginia Code of State Rules § 85-20-37.5. Dr. Davis rarely even mentioned the contusion of the back and the treatment given was not for the contusion of the back. Dr. Davis knew the accepted compensable diagnoses but also found the actual diagnosis to be radiculopathy. He requested adding this diagnosis as a compensable condition. In addition, Dr. Mukkamala examined Mr. Bennett and found him to be at maximum medical improvement for his compensable conditions.

Also, Mr. Bennett was able to return to work after the injury and continued working for several months. None of the medical evidence of record stated that he suffered an aggravation or progression of a compensable condition, but instead the treatment received was for a non-compensable condition, radiculopathy, as previously determined in the Office of Judges' January 15, 2013, Order. Therefore, this Court finds the preponderance of the evidence supports affirming the Board of Review's conclusion and the findings of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3